**\*NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THURMAN THOMAS, : | |
| : | Civil Action No. 16-1436 (SDW) |
| Petitioner, : | |
| : | |
| v.   : | **OPINION** |
| : | |
| THE STATE OF NEW JERSEY, : | |
| : | |
| Respondent. : | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Thurman Thomas's petition for a writ of habeas corpus challenging his pre-trial detention. (ECF No. 1). As Petitioner has paid the five dollar filing fee applicable to habeas petitions, this court is now required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice and deny Petitioner a certificate of appealability.

**I. BACKGROUND**

Petitioner, Thurman Thomas, is a state pre-trial detainee currently detained in the Hudson County jail during the pendency of his criminal charges. (ECF No. 1 at 3). Petitioner has apparently been incarcerated pending trial for approximately two years on charges including "[Seco]nd degree Robbery, Kidnapping and criminal restraint" arising out of an incident wherein Petitioner allegedly forced a woman to withdraw money from several ATMs. (ECF No. 1 at 5-8;

ECF No. 3 at 2).   On or about March 14, 2016, Petitioner filed in this Court a document which he termed a "Writ of Habeas Corpus under Summary Judgment" in which he asks this Court to intervene in his state court criminal matter based on his allegations that various police officers and prosecutors committed *Brady* violations by failing to procure video tapes of the alleged robbery, that his counsel has been constitutionally ineffective, that he has been held at length without a hearing (essentially a speedy trial claim), and that the victim's identification of him is unreliable because she is racially biased.   (ECF No. 1 at 1-25).   The Clerk of the Court docketed that motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   (ECF Docket Sheet).   Because Petitioner seeks to challenge his pre-trial detention and seeks to have the charges against him dismissed, he instead appears to be attempting to bring his petition pursuant to 28 U.S.C. § 2241, and this Court therefore construes his petition as a § 2241 petition.

## II.   DISCUSSION

### A.   Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).   Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not

2

entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

Petitioner is a pre-trial detainee seeking to challenge his ongoing criminal proceedings and continued pre-trial detention based on alleged constitutional violations, including alleged *Brady* violations. Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit in *Moore* therefore held that although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. Thus, where no exceptional circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the

need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*

Here, Petitioner is seeking to litigate his alleged constitutional claims, including *Brady* claims, ineffective assistance claims, speedy trial claims, and claims regarding a witness's identification, in this Court before raising them before the state courts. Thus, it is clear that Petitioner is asking this Court to prematurely review his constitutional defenses before exhausting them by presenting them to all levels of the state court system. Petitioner, however, has not presented any "exceptional" circumstances which would warrant this Court hearing his claims prior to exhaustion in so much as he offers little other than his allegations that he is being "railroaded" by the police and prosecutors to support his request for relief. Such claims are not sufficient to establish the sort of "extraordinary circumstances" required for review without exhaustion. *See Moore*, 515 F.2d at 446-47 (standard claims of constitutional violations, such as speedy trial claims, do not make out extraordinary circumstances). As Petitioner has not exhausted his claims, as his petition presents no extraordinary circumstances sufficient to warrant this Court hearing his claims without exhaustion, and as Petitioner in essence seeks to prematurely litigate his constitutional claims in this Court without first raising them in the state courts, this Court must dismiss the petition without prejudice at this time. *Duran*, 383 F. Appx at 4; *Moore*, 515 F.2d at 443-46.

**III.   CERTIFICATE OF APPEALABILITY**

Although appeals from petitions brought pursuant to 28 U.S.C. § 2241 by federal prisoners do not require a certificate of appealability, *see, e.g., Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006), because Petitioner is a state pre-trial detainee, he is required to obtain a certificate of appealability to the extent that he wishes to challenge this Court's dismissal of his petition as his habeas petition challenges his detention which "arises out of process issued by a State court."  28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008).   In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).   "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).   "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

5

**IV. CONCLUSION**

For the reasons stated above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) will be dismissed without prejudice and Petitioner will be denied a certificate of appealability. An appropriate order follows.


April 8, 2016                                              *s/ Susan D. Wigenton*
                                                          Hon. Susan D. Wigenton,
                                                          United States District Judge