**\*NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| THURMAN THOMAS, | : : : | Civil Action No. 16-1436 (SDW) |
| Petitioner, | : : | |
| v. | : : | **OPINION** |
| THE STATE OF NEW JERSEY, | : : : | |
| Respondent. | : : : | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Thurman Thomas's amended petition for a writ of habeas corpus challenging his pre-trial detention. (ECF No. 16). As Petitioner has paid the five dollar filing fee applicable to habeas petitions, this court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the amended petition and deny Petitioner a certificate of appealability.

**I.   BACKGROUND**

On March 14, 2016, Petitioner filed a petition for a writ of habeas corpus in which he attempted to challenge certain aspects of his ongoing criminal prosecution. (ECF No. 1). On April 8, 2016, this Court screened that petition pursuant to Rule 4 and dismissed the petition because Petitioner had shown neither extraordinary circumstances warranting review of his constitutional claims prior to their exhaustion in the state courts nor that he had exhausted the

claims he seeks to make by raising them on the merits before all levels of the New Jersey Courts. (ECF Nos. 5-6). In the opinion dismissing Petitioner's first petition, this Court summarized Petitioner's claims as follows:

> Petitioner, Thurman Thomas, is a state pre-trial detainee currently detained in the Hudson County jail during the pendency of his criminal charges. (ECF No. 1 at 3). Petitioner has apparently been incarcerated pending trial for approximately two years on charges including "[Seco]nd degree Robbery, Kidnapping and criminal restraint" arising out of an incident wherein Petitioner allegedly forced a woman to withdraw money from several ATMs. (ECF No. 1 at 5-8; ECF No. 3 at 2). On or about March 14, 2016, Petitioner filed in this Court a document which he termed a "Writ of Habeas Corpus under Summary Judgment" in which he asks this Court to intervene in his state court criminal matter based on his allegations that various police officers and prosecutors committed *Brady* violations by failing to procure video tapes of the alleged robbery, that his counsel has been constitutionally ineffective, that he has been held at length without a hearing (essentially a speedy trial claim), and that the victim's identification of him is unreliable because she is racially biased. (ECF No. 1 at 1-25). The Clerk of the Court docketed that motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF Docket Sheet). Because Petitioner seeks to challenge his pre-trial detention and seeks to have the charges against him dismissed, he instead appears to be attempting to bring his petition pursuant to 28 U.S.C. § 2241, and this Court therefore construes his petition as a § 2241 petition.

(ECF No. 5 at 1-2).

On June 15, 2016, Petitioner filed what he contends is an "amended" petition for a writ of habeas corpus. (ECF No. 16). Although Petitioner again contends that he seeks relief under § 2254, he remains a pre-trial detainee who is seeking to prematurely raise his constitutional claims in this Court before first raising them in the state courts, and this Court thus again construes his petition as one brought under § 2241. (*Id.*). Although Petitioner has added more factual detail, the basic substance of his claims remains similar to that raised in his original petition – he continues

to attempt to assert *Brady* and ineffective assistance of counsel claims which have yet to be properly presented to all levels of the New Jersey courts. (*Id.*). As to exhaustion, in his amended petition, Petitioner adds the following information:

> I have mailed complaints and documents to [the New Jersey Appellate Division's] clerk's office and received answers stating that you are unable to help me d[ue] to pending litigation. Others said I must be sentence[d], or appeal through certain motion being denied. I have been told to write the Appellate Section [of the Public Defender's Office], only to be told that they can not represent me while in pre trial [detention] and refer me to [the county Public Defender's Office]. I have wrote [to the] Attorney General's [Office]. I have wrote [to the] Ethics Committee and filed Grievances[.]

(Document 1 attached to ECF No. 16 at 1).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any

habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## B. Analysis

Petitioner is a pre-trial detainee seeking to challenge his ongoing criminal proceedings and continued pre-trial detention based on alleged constitutional violations, including alleged *Brady* violations and alleged ineffective assistance of counsel. As this Court has previously explained to Petitioner:

> Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit in *Moore* therefore held that although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. Thus, where no exceptional circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*
>
> Here, Petitioner is seeking to litigate his alleged constitutional claims, including *Brady* claims, ineffective assistance claims, speedy trial claims, and claims regarding a witness's identification, in this Court before raising them before the state courts. Thus, it is clear that Petitioner is asking this Court to

4

> prematurely review his constitutional defenses before exhausting them by presenting them to all levels of the state court system. Petitioner, however, has not presented any "exceptional" circumstances which would warrant this Court hearing his claims prior to exhaustion in so much as he offers little other than his allegations that he is being "railroaded" by the police and prosecutors to support his request for relief. Such claims are not sufficient to establish the sort of "extraordinary circumstances" required for review without exhaustion. *See Moore*, 515 F.2d at 446-47 (standard claims of constitutional violations, such as speedy trial claims, do not make out extraordinary circumstances). As Petitioner has not exhausted his claims, as his petition presents no extraordinary circumstances sufficient to warrant this Court hearing his claims without exhaustion, and as Petitioner in essence seeks to prematurely litigate his constitutional claims in this Court without first raising them in the state courts, this Court must dismiss the petition without prejudice at this time. *Duran*, 383 F. Appx at 4; *Moore*, 515 F.2d at 443-46.

(ECF No. 5 at 3-5).

Petitioner's amended petition fairs no better than his previous attempt. Petitioner's statements in his Petition clearly establish that Petitioner has failed to exhaust his claims in so much as the Appellate Division has directly told him that he must either appeal through an interlocutory appeal of one of the trial court's orders or appeal from a judgment of conviction to have his claims reviewed by the higher state courts. (Document 1 attached to ECF No. 16 at 1). Thus, Petitioner clearly has not exhausted his claims, his letters and grievances not withstanding. Petitioner has likewise continued to fail to present any extraordinary circumstances which would warrant this Court hearing his claims without exhaustion as Petitioner's continued assertions that he is being "railroaded" or being ill served by counsel are insufficient to establish entitlement to pre-exhaustion habeas review. *Moore*, 515 F.2d at 446-47. Petitioner continues to attempt to assert his constitutional defenses in this Court before first raising them on the merits in the state

courts, which he is not permitted to do under the circumstances presented.  *Id.*; *see also Duran*, 383 F. Appx at 4.   This Court must therefore once again dismiss Petitioner's habeas petition.

### III.   CERTIFICATE OF APPEALABILITY

Although appeals from petitions brought pursuant to 28 U.S.C. § 2241 by federal prisoners do not require a certificate of appealability, *see, e.g., Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006), because Petitioner is a state pre-trial detainee, he is required to obtain a certificate of appealability to the extent that he wishes to challenge this Court's dismissal of his amended petition as his habeas petition challenges his detention which "arises out of process issued by a State court."   28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008).   In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).   "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for

failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

**IV. CONCLUSION**

    For the reasons stated above, Petitioner's amended petition for a writ of habeas corpus (ECF No. 16) will be dismissed and Petitioner will be denied a certificate of appealability. An appropriate order follows.

Dated: June 20, 2016                                        *s/ Susan D. Wigenton*
                                                                        Hon. Susan D. Wigenton,
                                                                        United States District Judge