UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THURMAN THOMAS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>THE STATE OF NEW JERSEY,<br><br>　　　　Respondent. | Civil Action No. 16-1436 (SDW)<br><br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On or about March 14, 2016, Petitioner, Thurman Thomas, filed his original petition for a writ of habeas corpus seeking to raise claims related to his ongoing state court criminal proceedings pursuant to 28 U.S.C. § 2241.  (ECF No. 1).

2. On April 8, 2016, this Court entered an order and opinion dismissing that petition and denying Petitioner a certificate of appealability because Petitioner had neither exhausted his claims in state court nor presented extraordinary circumstances and thus was attempting to improperly pre-litigate his constitutional claims in this court via habeas before first presenting them to the state courts.  (ECF Nos. 5-6).

3. On June 15, 2016, Petitioner filed an amended habeas petition, this time purportedly brought pursuant to 28 U.S.C. § 2254.  (ECF No. 16).  Petitioner's amended petition raised nearly identical claims to those raised in his original petition, and it remained clear that Petitioner had not yet been convicted, had not exhausted his claims in state court, and had not presented extraordinary circumstances.

4. On June 20, 2016, this Court therefore entered another Order and Opinion, again construing Petitioner to be raising his claims pursuant to § 2241 rather than § 2254 because

Petitioner remained a pre-trial detainee, and once again dismissing the petition as Petitioner was attempting to prematurely litigate his claims in this Court rather than first presenting them to all three levels of the state courts without having presented any extraordinary circumstances which would warrant hearing his claims absent exhaustion. (ECF Nos. 17-18). This Court also denied Petitioner a certificate of appealability as to his amended petition. (*Id.*).

5. On September 30, 2016, Petitioner filed with this Court a letter in which he requests that the Court "re-open" his previously dismissed habeas petitions. (ECF No. 22). Petitioner thereafter filed a second amended habeas petition on or about October 6, 2016. (ECF No. 23). It is not entirely clear from the letter and amended petition whether Petitioner has pled guilty to the charged offense, though it appears this may be the case. (*See* ECF Nos. 22-23). From Petitioner's letter, it is possible that he is instead on the eve of trial. (ECF No. 22). In any event, it is clear that Petitioner has not been sentenced if he has pled guilty, and thus is still not yet subject to a final judgment of conviction, and his amended petition therefore arises under 28 U.S.C. § 2241.

6. Because Petitioner has filed an amended petition, this Court is required to screen his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions such as this one brought pursuant to 28 U.S.C. § 2241 through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

7. As the Court has twice explained to Petitioner,

> Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the

Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit in *Moore* therefore held that although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. Thus, where no exceptional circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*

Here, Petitioner is seeking to litigate his alleged constitutional claims, including *Brady* claims, ineffective assistance claims, speedy trial claims, and claims regarding a witness's identification, in this Court before raising them before the state courts. Thus, it is clear that Petitioner is asking this Court to prematurely review his constitutional defenses before exhausting them by presenting them to all levels of the state court system. Petitioner, however, has not presented any "exceptional" circumstances which would warrant this Court hearing his claims prior to exhaustion in so much as he offers little other than his allegations that he is being "railroaded" by the police and prosecutors to support his request for relief. Such claims are not sufficient to establish the sort of "extraordinary circumstances" required for review without exhaustion. *See Moore*, 515 F.2d at 446-47 (standard claims of constitutional violations, such as speedy trial claims, do not make out extraordinary circumstances). As Petitioner has not exhausted his claims, as his petition presents no extraordinary circumstances sufficient to warrant this Court hearing his claims without exhaustion, and as Petitioner in essence seeks to

> prematurely litigate his constitutional claims in this Court without first raising them in the state courts, this Court must dismiss the petition without prejudice at this time. *Duran*, 383 F. Appx at 4; *Moore*, 515 F.2d at 443-46.

(ECF No. 5 at 3-5; ECF No. 17 at 4-5).

8. Although Petitioner, in his new letter and amended petition, reasserts his prior claims and insists that he has now exhausted, the documents he attaches to his letter and petition show that he clearly has not – the Appellate Division Clerk's Office did not file his attempted appeals but instead told him he could either file a motion for an interlocutory appeal or wait until after his judgment of conviction is entered to file an appeal. (Document 1 attached to ECF No. 22 at 5). Likewise, that Petitioner has reported his attorney to an attorney ethics board is immaterial, the question here is whether Petitioner has presented his claims to all three levels of the New Jersey Courts – the trial court, Appellate Division, and New Jersey Supreme Court, which he clearly has not done. Although Petitioner asserts that this lawyer is not performing to his liking and is therefore ineffective as counsel, and that there have been various *Brady* violations and evidentiary errors in his case, Petitioner has presented no basis for this Court to hear that or any of his claims at this time as Petitioner has neither exhausted his claims by raising them before all three levels of the state court system nor presented any exceptional circumstances sufficient to warrant this Court hearing his claims absent exhaustion (*see* ECF Nos. 5, 17), Petitioner's bare assertion that he is being railroaded notwithstanding. *Moore*, 515 F.2d at 446-47 (standard constitutional claims, such as those presented here, do not make out extraordinary circumstances sufficient to permit claims to proceed absent exhaustion).

9. As with his prior petitions, Petitioner's current second amended petition is one more attempt by Petitioner to prematurely litigate his constitutional claims and defenses in this Court without first seeking to exhaust his claims through proper procedure in the state courts. Because

Petitioner has presented no facts which would amount to extraordinary circumstances sufficient for this Court to hear his claims without exhaustion, *see Duran*, 383 F. Appx at 4*; Moore*, 515 F.2d at 443-46, this Court must once again dismiss Petitioner's claims without prejudice at this time. Because Petitioner has utterly failed to present any extraordinary circumstances, his claims cannot be heard until such time as he has exhausted them by presenting his claims to all three levels of the State court system through a direct appeal and/or a petition for post-conviction relief in the event he has indeed pled guilty or been convicted and sentenced.[1] Petitioner should therefore refrain from refiling his habeas petition until such time as he has actually exhausted *all* of his claims.

    10. As this Court previously explained to Petitioner,

> Although appeals from petitions brought pursuant to 28 U.S.C. § 2241 by federal prisoners do not require a certificate of appealability, *see, e.g., Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006), because Petitioner is a state pre-trial detainee, he is required to obtain a certificate of appealability to the extent that he wishes to challenge this Court's dismissal of his amended petition as his habeas petition challenges his detention which "arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

---

[1] Even if Petitioner had been sentenced at this time, this Court would be required to dismiss his petition without prejudice for failure to exhaust his claims. *See, e.g., Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014).

>that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

(ECF No. 17 at 6-7).  Because jurists of reason would not disagree with this Court's conclusion that Petitioner has neither exhausted his claims nor shown extraordinary circumstances to warrant the hearing of his claims absent exhaustion, Petitioner has not shown that he has presented a valid claim for the denial of a constitutional right at this time and his claims are not adequate to deserve encouragement to proceed further.  As such, Petitioner is once again denied a certificate of appealability.  *Slack*, 529 U.S. at 484.

   11.  In conclusion, Petitioner's habeas petition must once again be dismissed without prejudice, and Petitioner is again denied a certificate of appealability.  An appropriate order follows.


Dated: October 11, 2016          *s/ Susan D. Wigenton*
                     Hon. Susan D. Wigenton,
                     United States District Judge