UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THURMAN THOMAS,**<br><br>Petitioner,<br><br>v.<br><br>**THE STATE OF NEW JERSEY,**<br><br>Respondent. | Civil Action No. 16-1436 (SDW)<br><br><br>**MEMORANDUM OPINION** |

**IT APPEARING THAT:**

1. On or about March 14, 2016, Petitioner, Thurman Thomas, filed his original petition for a writ of habeas corpus seeking to raise claims related to his ongoing state court criminal proceedings pursuant to 28 U.S.C. § 2241. (ECF No. 1).

2. On April 8, 2016, this Court entered an order and opinion dismissing that petition and denying Petitioner a certificate of appealability because Petitioner had neither exhausted his claims in state court nor presented extraordinary circumstances and thus was attempting to improperly pre-litigate his constitutional claims in this court via habeas before first presenting them to the state courts. (ECF Nos. 5-6).

3. On June 15, 2016, Petitioner filed an amended habeas petition, this time purportedly brought pursuant to 28 U.S.C. § 2254. (ECF No. 16). Petitioner's amended petition raised nearly identical claims to those raised in his original petition, and it remained clear that Petitioner had not yet been convicted, had not exhausted his claims in state court, and had not presented extraordinary circumstances.

4. On June 20, 2016, this Court therefore entered another Order and Opinion, again construing Petitioner to be raising his claims pursuant to § 2241 rather than § 2254 because

Petitioner remained a pre-trial detainee, and once again dismissing the petition as Petitioner was attempting to prematurely litigate his claims in this Court rather than first presenting them to all three levels of the state courts without having presented any extraordinary circumstances which would warrant hearing his claims absent exhaustion. (ECF Nos. 17-18). This Court also denied Petitioner a certificate of appealability as to his amended petition. (*Id.*).

5. On September 30, 2016, Petitioner filed with this Court a letter in which he requested that the Court "re-open" his previously dismissed habeas petitions. (ECF No. 22). Petitioner thereafter filed a second amended habeas petition on or about October 6, 2016. (ECF No. 23).

6. On October 11, 2016, this Court entered a memorandum opinion and order once again screening and dismissing Petitioner's petition for a writ of habeas corpus as Petitioner had not set forth extraordinary circumstances warranting the hearing of his claims absent exhaustion, and had not exhausted his claims before all three levels of the state courts. (ECF Nos. 25-26).

7. Following that order and memorandum opinion, Petitioner filed a motion for reconsideration on or about October 25, 2016. (ECF No. 31). In his motion for reconsideration, Petitioner once again attempts to re-raise the same claims this Court has now dismissed several times – claims that he is suffering ineffective assistance of counsel in his ongoing state court prosecution, and that he is being denied *Brady* materials in that same case. (*Id.*). Petitioner's motion for reconsideration does not present any truly new arguments, but simply reiterates and expands upon those which this Court has already dismissed as premature absent exhaustion on three occasions. (*Id.*).

8. Petitioner has filed a motion for reconsideration of the dismissal of his habeas petition as premature absent exhaustion. Regardless of whether this Court construes Petitioner's motion as arising under Local Civil Rule 7.1(i) or Federal Rule 59(e), the same standard would apply to

this motion. Motions for reconsideration should only be granted sparingly. *Delanoy v. Twp. Of Ocean*, No. 13-1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (as to Local Civil Rule 7.1(i)); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (as to Rule 59(e)). An order may be altered or amended only where the moving party establishes one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Delanoy*, 2015 WL 2235106 at *2 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Blystone*, 664 F.3d at 415 (applying same standard to 59(e) motions). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011). Reconsideration motions may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment, and courts should only grant such a motion where its prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." *Delanoy*, 2015 WL 2235106 at *2.

    9. As the Court has repeatedly explained to Petitioner,

> Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515

F.2d at 445).  The Third Circuit in *Moore* therefore held that although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present."  515 F.2d at 443.  Thus, where no exceptional circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court.  *Id.*

Here, Petitioner is seeking to litigate his alleged constitutional claims, including *Brady* claims, ineffective assistance claims, speedy trial claims, and claims regarding a witness's identification, in this Court before raising them before the state courts.  Thus, it is clear that Petitioner is asking this Court to prematurely review his constitutional defenses before exhausting them by presenting them to all levels of the state court system.  Petitioner, however, has not presented any "exceptional" circumstances which would warrant this Court hearing his claims prior to exhaustion in so much as he offers little other than his allegations that he is being "railroaded" by the police and prosecutors to support his request for relief.  Such claims are not sufficient to establish the sort of "extraordinary circumstances" required for review without exhaustion.  *See Moore*, 515 F.2d at 446-47 (standard claims of constitutional violations, such as speedy trial claims, do not make out extraordinary circumstances).  As Petitioner has not exhausted his claims, as his petition presents no extraordinary circumstances sufficient to warrant this Court hearing his claims without exhaustion, and as Petitioner in essence seeks to prematurely litigate his constitutional claims in this Court without first raising them in the state courts, this Court must dismiss the petition without prejudice at this time.  *Duran*, 383 F. Appx at 4; *Moore*, 515 F.2d at 443-46.

(ECF No. 5 at 3-5; ECF No. 17 at 4-5).

10.  Here, as with all of his previous petitions, Petitioner's motion for reconsideration fails to set forth any extraordinary circumstances which would warrant the hearing of his claims

absent exhaustion, instead Petitioner once again seeks to prematurely litigate his constitutional claims in this Court before first presenting them to the state courts.  Likewise, nothing in Petitioner's current motion suggests that he has exhausted his claims.  As such, Petitioner has presented no new or overlooked evidence, and it is clear that this Court has neither overlooked any relevant facts or applicable legal principles in dismissing Petitioner's habeas petition.  As Petitioner has also failed to show any change in the law since this Court's prior decisions, and as he has not shown that a manifest injustice would result from the dismissal of his habeas petition until such time as he has exhausted his claims, he has failed to present any valid basis for reconsideration of this Court's prior order and memorandum opinion dismissing his habeas petition until such time as he has exhausted his claims in all three levels of the state courts.  Petitioner's motion for reconsideration must therefore be denied.  *Blystone*, 664 F.3d at 415; *Delanoy*, 2015 WL 2235106 at *2; *see also Duran*, 383 F. Appx at 4; *Moore*, 515 F.2d at 443-46.

       11.  In conclusion, Petitioner's motion for reconsideration (ECF No. 31) must be DENIED.  An appropriate order follows.


Dated: November 30, 2016                                 *s/ Susan D. Wigenton*
                                                                      Hon. Susan D. Wigenton,
                                                                      United States District Judge